```
                UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     Alexandria Division
```

|  |  |  |
|---|---|---|
| RUTH ANN PURYEAR,<br>　　　Plaintiff,<br><br>　　　v.<br><br>IKEA US EAST LLC,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. 1:16cv403 |

## MEMORANDUM OPINION

THIS MATTER originally came before the Court on Defendant's Motion to Compel and For Discovery Sanctions (Dkt. 105) which the Court granted in part on June 15, 2017. (Dkt. 129.) Federal Rule of Civil Procedure 37(a)(5)(A) provides that the Court must order the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees. The Court, in considering the motion to which no opposition was filed, found that plaintiff's failure to provide adequate discovery necessitated defendant's motion and plaintiff's nondisclosure was not substantially justified. This matter comes again before the Court for consideration of defendant's counsel's submission of fees and costs associated with those motions.

Defendant IKEA's statement of fees and costs incurred with this motion requested the total expenses of $4,792.00. (Dkt.

1

147.) The Court finds that defendant's counsel reasonably spent 17.9 total hours in connection with the motion and its reply brief, consisting of 8.7 hours by Linda Otaigbe and 9.2 hours by Teresa Burke Wright. Ms. Otaigbe has been practicing law for seven years and her billing rate is $260 per hour. Ms. Wright has been practicing law for about 28 years and her billing rate is $275 per hour.

The Court has additionally reviewed the twelve factors to be considered when determining the reasonable billing rate and hours. See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243-44 (4th Cir. 2009). Of the twelve factors, the Court finds that factors (2) novelty and difficulty of the questions raised, (4) opportunity costs, (6) attorney's expectations, (7) time limitations, (8) amount in controversy, (10) undesirability, and (11) nature and length of the attorney-client relationship are not significant factors.

As to the reasonableness of counsel's rates, the Court is familiar with the prevailing rates in the area for these types of cases and, in light of the passage of time since this Court has last addressed the prevailing market rates in Northern Virginia, the Court finds that the rates charged in this case are comparable to the prevailing rates for attorneys with their experience and ability in 2016 and 2017. Thus, the Court finds that these fees are reasonable.

The skill required (factor 3) in an employment discrimination case further justifies the fees charged, as do the experience, reputation, and abilities of the attorneys (factor 9).

As to factors 1, 5, and 12, the Court finds that the time and labor expended are reasonable and necessary (factor 1), the fees are customary for like work (factor 5), and the attorneys' fees award in connection with the motion are similar to those in other cases which the Court has considered in the past (factor 12). Thus, the Court finds the total attorneys' fees detailed below to have been reasonably incurred in making the motion and should be awarded:

| Attorney | Hours Worked | Rate | Amount |
|---|---|---|---|
| Ms. Otaigbe | 8.7 | $260/hr | $2,262.00 |
| Ms. Wright | 9.2 | $275/hr | $2,530.00 |

It is reasonable and customary for both associates and partners to work on the same motion and their time expended is not duplicative, but appropriate.

Therefore, the Court finds that plaintiff Ruth Ann Puryear must pay defendant the total sum of $4,792.00, within ten (10) days. An appropriate order shall issue.

ENTERED this 3rd day of July, 2017.

                                             /s/
                                  Theresa Carroll Buchanan
                                  United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia